No.  23-4019

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

PHILLIP DURACHINSKY,
*Defendant/Appellant.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
_____

BRIEF OF APPELLANT DURACHINSKY
_____

JOSEPH MEDICI
Federal Public Defender

Kevin M. Schad
Attorney for Appellant
Appellate Director
FPD Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Kevin_schad@fd.org

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ii

JURISDICTIONAL STATEMENT ........................................................... 1

STATEMENT REGARDING ORAL ARGUMENT................................. 1

STATEMENT OF THE ISSUES............................................................... 2

STATEMENT OF THE CASE ................................................................. 3

SUMMARY OF THE ARGUMENT ........................................................ 7

I.     DURACHINSKY DID NOT HAVE THE ASSISTANCE OF
       COUNSEL AT HIS COMPETENCY HEARING....................................... 8

II.    DURACHINSKY SHOULD HAVE BEEN PERMITTED TO CALL
       WITNESSES AND PRESENT EVIDENCE AT HIS COMPETENCY
       HEARING.............................................................................................. 12

CONCLUSION...................................................................................... 15

CERTIFICATE OF COMPLIANCE ...................................................... 16


CERTIFICATE OF SERVICE

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

# TABLE OF AUTHORITIES

## Cases

*Carson v. United States*, 88 F.4th 633, 639 (6th Cir. 2023) ....................................8

*Jones v. Bradshaw*, 46 F.4th 459, 475 (6th Cir. 2022) ............................................9

*McCoy v. Ct. of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 447, 108 S. Ct. 1895, 1906, 100 L. Ed. 2d 440 (1988) ..........................................9

*Penson v. Ohio*, 488 U.S. 75, 84, 109 S. Ct. 346, 352, 102 L. Ed. 2d 300 (1988)..............................................................................................11

*United States v. Alfadhili*, 762 F. App'x 264, 266 (6th Cir. 2019) ........................13

*United States v. Ayala*, 755 F. App'x 499, 506 (6th Cir. 2018) ............................13

*United States v. Bergrin*, 885 F.3d 416, 420 (6th Cir. 2018) ..................................1

*United States v. Comstock*, 560 U.S. 126, 130, 130 S. Ct. 1949, 1954, 176 L. Ed. 2d 878 (2010)..............................................................................13

*United States v. Detloff*, 794 F.3d 588, 593 (6th Cir. 2015)....................................9

*United States v. Franklin,* 499 F.3d 578, 583 (6th Cir. 2007)..........................9

*United States v. Martin*, 608 F. App'x 340, 343 (6th Cir. 2015) ............................8

*United States v. Matsa*, 540 F. App'x 520, 523 (6th Cir. 2013) ............................11

*United States v. Pitts*, 997 F.3d 688,700 (6th Cir. 2021)......................................13

*United States v. Ross*, 703 F.3d 856, 869 (6th Cir. 2012) ......................................8

*United States v. Ross*, 703 F.3d 856, 872 (6th Cir. 2012) ....................................10

*United States v. Scheffer*, 523 U.S. 303, 330, 118 S. Ct. 1261, 1275, 140 L. Ed. 2d 413 (1998)..............................................................................10

*United States v. Stewart*, 73 F.4th 423, 425 (6th Cir. 2023)..................................12

*United States v. Wells*, 55 F.4th 1086, 1090 (6th Cir. 2022)..................................11

## JURISDICTIONAL STATEMENT

This Honorable Court has jurisdiction to hear this matter pursuant to 28

United States Code § 1291 and 18 U.S.C. § 4241. See *United States v.*

*Bergrin*, 885 F.3d 416, 420 (6th Cir. 2018).  There has been a final

adjudication of competency to stand trial by a United States District Court

filed on December 8, 2023. (R.184, Order, PAGE ID # 1478, R.185, Order

PAGE ID # 1481)  A timely notice of appeal was received by the district court

on December 18, 2023. (R.186, Notice of Appeal, PAGE ID # 1483)

## STATEMENT REGARDING ORAL ARGUMENT

In the interest of expediting this appeal, Appellant Durachinsky waives oral

argument.

Respectfully requested,

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant

## STATEMENT OF THE ISSUES

1. When a defendant takes the position that he is competent to stand trial, does he have the right to the assistance of counsel who will advocate for that position at a competency hearing?

2. At a contested competency hearing, does a defendant have the right to call witnesses, present evidence, and cross-examine the Government's witnesses?

## STATEMENT OF THE CASE

On January 24, 2017, a complaint was filed in the Northern District of Ohio contending that Appellant Phillip Durachinsky had intentionally placed malware on several computers, and used the information obtained from the malware to commit other offenses. (R.1, Complaint PAGE ID # 7)  This eventually led to a grand jury returning an indictment on January 10, 2018, alleging that Durachinsky committed these offenses through this malware scheme: damaging protected computers, in violation of 18 U.S.C. § 1030(a)(5)(A); production of child pornography, in violation of 18 U.S.C. § 2251(a); wire fraud, in violation of 18 U.S.C. § 1343; aggravated identity theft, in violation of 18 U.S.C. § 1028A; accessing a Government computer without authorization, in violation of 18 U.S.C. § 1030(a); and illegal wiretapping, in violation of 18 U.S.C. § 2511. (R.38, Indictment PAGE ID # 105)

The next several years were spent in pretrial litigation, including a motion to suppress, as well as motions to dismiss certain counts.  The indictment was superseded by the Government two times.  Appellant Durachinsky changed attorneys on a couple of occasions.  On May 17, 2023, counsel for Durachinsky filed a motion for a competency hearing. (R.173, Motion PAGE ID # 1362)  Defense counsel attached, under seal, a report from

a psychologist that concluded Durachinsky was unable to assist counsel in his defense.

The Government subsequently requested an independent examination by the Bureau of Prisons, which the district court ultimately granted. At a hearing on this motion held on June 6, 2023, Durachinsky informed the court that he was not aware, initially, that his counsel was questioning his competence when he met with the defense psychologist. (R.193, Motion Hearing PAGE ID # 1530)

After the BOP evaluation, on November 29, 2023, a competency hearing was held where the district court noted that the defense report had reflected that Durachinsky suffered from an autism spectrum disorder which prevented him from assisting his defense counsel. (R.191, Hearing PAGE ID # 1491) The BOP evaluation agreed, and found that Durachinsky was unable to stand trial. (R.191, Hearing PAGE ID # 1492) The district court questioned whether, in light of this diagnosis, Durachinsky would ever be able to stand trial. The Government moved, based on the two reports, for a finding of incompetency, and requested that Durachinsky be remanded to the BOP for treatment. (R.191, Hearing PAGE ID # 1494) Defense counsel stated "that's our position as well." (PAGE ID # 1494)

Defense counsel then informed the court that Durachinsky disagreed with their position, and asked the court to hear directly from the defendant. (PAGE ID # 1495)  Durachinsky stated he was competent, and that he did not believe he was being adequately represented at the hearing. (PAGE ID # 1497) He asked to cross-examine the psychologists, and informed the court that he had not received a copy of the BOP report. (PAGE ID # 1497)  He also informed the court that he had not met with counsel at all since the last hearing in June 2023. (PAGE ID # 1498)  Defense counsel admitted that they had not provided the report to Durachinsky. (PAGE ID # 1503)  The court informed Durachinsky that he had no right to call witnesses or cross examine the doctors (PAGE ID # 1502), but that since he had not reviewed the BOP report, a recess was in order.

The court reconvened on December 7, 2023.  At the beginning of the hearing, the district court acknowledged receiving a letter from Durachinsky in which he asked for new counsel. (R.194, Hearing PAGE ID # 1552)  Defense counsel acknowledged the issues with his relationship with Durachinsky, but suggested that the court should not pass on those issues until Durachinsky was restored to competency. (R.194, Hearing PAGE ID # 1552)  Counsel explained that, when he first asked the psychologist to speak with

Durachinsky, it was not to evaluate for competency, but for mitigation for sentencing. (PAGE ID # 1557)  But the psychologist found the competency issue, which led to the original diagnosis. (PAGE ID # 1557)

The court then determined that Durachinsky was incompetent. (R.194, Hearing PAGE ID # 1573)  He and counsel discussed the steps that followed such a determination, and whether preemptively setting a four-month review was appropriate. (PAGE ID # 1562)  The court also allowed Durachinsky to speak.  Durachinsky informed the court "I believe that Title 18 U.S.C. Section 4247(d) to provide due process explicitly gives me the right to counsel and to testify, present evidence and subpoena witnesses on my behalf." (PAGE ID # 1578)  He informed the court that his right to a speedy trial as well as other trial rights had been violated.  He reiterated that he was able to assist counsel (PAGE ID # 1589), but that counsel was not acting in his best interests. Finally, Durachinsky conveyed his desire to appeal the court's determination. The next day, the court entered a written order finding Durachinsky incompetent, and remanding him to the Bureau of Prisons for restoration treatment.

## SUMMARY OF THE ARGUMENT

### I.

Durachinsky was entitled to the assistance of counsel at his competency hearing.  This encompassed the right to have counsel who would advocate for his position.  As he did not have such assistance, a remand for a new competency procedure is required.

### II.

18 U.S.C. § 4247(d) incorporates a defendant's due process rights by allowing, at a competency hearing, the right to present evidence, subpoena witnesses, and cross-examine witnesses from the opponent.  The district court erred in denying these rights to Durachinsky.

## ARGUMENT

## I.    DURACHINSKY DID NOT HAVE THE ASSISTANCE OF COUNSEL AT HIS COMPETENCY HEARING

At Durachinsky's competency hearing, his defense counsel advocated for a finding of incompetence, against Durachinsky's wishes.  This denied Durachinsky the right to counsel, and requires a new competency hearing.

**Standard of Review**

An argument that a defendant was denied his right to counsel at a competency hearing is reviewed de novo. *United States v. Martin*, 608 F. App'x 340, 343 (6th Cir. 2015).

A criminal defendant has the right to the assistance of counsel at all critical stages of the proceedings. *Carson v. United States*, 88 F.4th 633, 639 (6th Cir. 2023). This includes any hearing to determine his or her competency to stand trial. *United States v. Ross*, 703 F.3d 856, 869 (6th Cir. 2012).[1]

---

[1] The competency hearing was governed by 18 U.S.C. § 4247(d), which requires that "[a]t a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel." (emphasis added).  As this Court found in *United States v. Franklin*,

The right to counsel is not merely the right to the presence of counsel, but the right to the effective assistance of counsel. The right to the assistance of counsel is, at its core, the right to an "effective advocate." *Jones v. Bradshaw*, 46 F.4th 459, 475 (6th Cir. 2022). The duty of defense counsel to zealously advocate on the defendant's behalf not only arises from ethical rules, but the Constitution itself. *McCoy v. Ct. of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 447, 108 S. Ct. 1895, 1906, 100 L. Ed. 2d 440 (1988).

A denial of the right to counsel can occur even when counsel is in the room. This Court recognizes the doctrine of constructive denial of counsel, "where 'counsel [although present] entirely fails to subject the prosecution's case to meaningful adversarial testing,' or another 'constitutional error of the first magnitude' violating the right to counsel is shown. . . . . Constructive denial of counsel constitutes structural error requiring no further showing of prejudice." *United States v. Detloff*, 794 F.3d 588, 593 (6th Cir. 2015).

The competency hearings suffered from a constructive denial of counsel. Counsel, though present, took a position directly contrary to the wishes of Durachinsky. In doing so, counsel abandoned their role as advocate, and left

---

499 F.3d 578, 583 (6th Cir. 2007), "[t]he term 'shall' is not permissive; it is mandatory. This provides an additional basis for Durachinsky's right to counsel.

Durachinsky without his Sixth Amendment right to counsel.  Further, at the hearing, Durachinsky specifically asked for new counsel to represent his position. (R.194, Hearing PAGE ID # 1552)  Under these circumstances, this case must be remanded for a new competency hearing.

This Court has determined that, when evaluating whether counsel acted constitutionally at a competency hearing, the correct test is the "meaningful adversarial testing" measure. *United States v. Ross*, 703 F.3d 856, 872 (6th Cir. 2012).  This requires counsel to "have the prosecutor's case encounter and 'survive the crucible of meaningful adversarial testing.'" *United States v. Scheffer*, 523 U.S. 303, 330, 118 S. Ct. 1261, 1275, 140 L. Ed. 2d 413 (1998), This does not occur when counsel sides with the prosecution, against the defendant's wishes.

Counsel below understood the ethical dilemma raised by the position he took, and carefully brought it to the court's attention.  (R.191, Hearing PAGE ID # 1495)  Counsel even suggested that the court may want to appoint another attorney to advocate for Durachinsky's position.  The district court did nothing with this suggestion, and in doing so, denied Durachinsky the right to counsel.

10

Alternatively, the district court should have allowed substitute counsel. "[T]he right to counsel of choice is not absolute. An indigent defendant must show 'good cause' to warrant substitution of counsel." *United States v. Wells*, 55 F.4th 1086, 1090 (6th Cir. 2022). Defense counsel taking a position contrary to his client's position is "good cause" warranting substitution of counsel. Durachinsky also informed the court that appointed counsel was laboring under a potential conflict of interest due to one of the alleged victims of the offense. (R.194, Hearing PAGE ID # 1581) The court should have asked about the basis for the conflict claim, to determine whether "counsel's continued representation [would] create a conflict of interest." *United States v. Matsa*, 540 F. App'x 520, 523 (6th Cir. 2013).

"[I]t is through counsel that all other rights of the accused are protected." *Penson v. Ohio*, 488 U.S. 75, 84, 109 S. Ct. 346, 352, 102 L. Ed. 2d 300 (1988). Durachinsky did not have the benefit of an advocate on his behalf at the competency hearing, and thus his other rights were not protected. This Court should vacate the competency decision, and remand for further proceedings.

11

## II.   DURACHINSKY SHOULD HAVE BEEN PERMITTED TO CALL WITNESSES AND PRESENT EVIDENCE AT HIS COMPETENCY HEARING

At the competency hearing, Durachinsky asked that he be permitted to present evidence and cross examine the psychologists as to their reports.  The district court denied this.  The court's actions denied Durachinsky his right to Due Process, and his rights pursuant to 18 U.S.C. § 4247(d).  Thus, a new competency hearing is warranted.

### Standard of Review

As this claim involves interpretation of a statute and was preserved, review is de novo. *United States v. Stewart*, 73 F.4th 423, 425 (6th Cir. 2023).

The district court, at the request of defense counsel and the Government, conducted a competency hearing pursuant to 18 U.S.C. § 4241 and 4247.  However, contrary to those statutes (and procedural due process), the court did not allow the defendant to call witnesses, present evidence, or cross examine the Government's evidence.   This was reversible error.

"[A] district court has not only the prerogative, but the duty, to inquire into a defendant's competency whenever there is reasonable cause to believe that

the defendant is incompetent." *United States v. Pitts*, 997 F.3d 688,700 (6th Cir. 2021). Pursuant to 18 U.S.C. § 4241(a), "[c]ourts are required to hold a competency hearing 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *United States v. Ayala*, 755 F. App'x 499, 506 (6th Cir. 2018).

The hearing itself is governed by 18 U.S.C. § 4247(d). This statute "provides that the prisoner 'shall be represented by counsel' and shall have 'an opportunity' at the hearing 'to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine' the Government's witnesses." *United States v. Comstock*, 560 U.S. 126, 130, 130 S. Ct. 1949, 1954, 176 L. Ed. 2d 878 (2010). Further, "the lack of an adequate competency hearing is a violation of due process." *United States v. Alfadhili*, 762 F. App'x 264, 266 (6th Cir. 2019).

Appellant Durachinsky repeatedly requested the opportunity to present evidence, call witness, and cross examine the psychologists who performed the evaluations on him. (R.191, Hearing PAGE ID # 1497,1500; R.194, Hearing PAGE ID # 1578,1584) The district court's response was that "[i]n terms of a

13

competency hearing, you're not entitled to any particular – to hear from – to call any particular witnesses or to put on any particular witnesses." (R.191, Hearing PAGE ID # 1502)

This was reversible error.  As discussed above, due process demands, at a minimum, that the defendant be permitted to call witnesses, present evidence, and cross examine witnesses.  The district court's prohibition violated the statute and violated due process.  On this basis, this matter should be remanded for a new competency hearing.

CONCLUSION

For these reasons, Durachinsky asks this Court to vacate the order remanding

him for a determination of rehabilitation, and remand for a de novo

competency hearing with new counsel.

Respectfully Submitted,

JOSPEH MEDICI
Federal Public Defender SDOH

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant
Appellate Director
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B). The relevant portions of the above brief contain 3074 words in Century Schoolbook (14-point) type. The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kevin M. Schad*

Kevin Schad
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, I electronically filed the above with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their email addresses on file with the Court:

Assistant United States Attorney Matthew Shepherd

/s/ *Kevin M. Schad*

Kevin Schad
Attorney for Appellant

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

In accordance with 6 Cir. R. 30, Appellant designates as "Relevant District Court Documents" the following documents filed in the district court and available via that court's electronic CM/ECF system:

| District Court Docket Number | Page ID # | Description of Document |
|:---:|:---:|:---:|
| 38 | 105-115 | Indictment |
| 177 | 1443-1445 | Motion for Competency Evaluation |
| 184 | 1478-1480 | Order |
| 186 | 1483 | Notice of Appeal |
| 191 | 1491-1507 | Transcript Hearing 11.29.23 |
| 193 | 1516-1541 | Transcript Hearing 6.6.23 |
| 194 | 1551-1589 | Transcript Hearing 12.7.23 |