IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

CASE NO. 23-4019

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PHILLIP DURACHINSKY,
Defendant-Appellant.

---

On Appeal from the United States District Court
for the Northern District of Ohio

---

BRIEF OF PLAINTIFF-APPELLEE

---

JOSEPH MEDICI
Federal Public Defender

Kevin M. Schad
Appellate Director
FPD Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati, Ohio 45202
Kevin_schad@fd.org

Counsel for Defendant-Appellant

REBECCA C. LUTZKO
United States Attorney
Northern District of Ohio

Matthew W. Shepherd
Assistant U.S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
(216) 622-3859
Matthew.shepherd@usdoj.gov

Counsel for Plaintiff-Appellee

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ........................................ viii

JURISDICTIONAL STATEMENT ...................................................................1

STATEMENT OF THE ISSUES........................................................................3

STATEMENT OF THE CASE............................................................................4

I.      Factual Background and Relevant Procedural History ...................................4

        A.      Offense conduct ........................................................................4

        B.      Arrest and Indictment ................................................................4

        C.      Pretrial Detention Proceedings ..................................................6

        D.      Competency Proceedings............................................................7

SUMMARY OF ARGUMENT ........................................................................15

ARGUMENT ...................................................................................................18

I.      THIS COURT SHOULD DISMISS DURACHINSKY'S APPEAL
        BECAUSE IT IS MOOT AND THIS COURT LACKS JURISDICTION
        OVER IT................................................................................................18

        A.      Standard of review .................................................................18

        B.      Durachinsky's appeal is moot..................................................18

II.     DURACHINSKY WAS NOT DENIED THE ASSISTANCE OF
        COUNSEL AT THE COMPETENCY HEARING, AND THE DISTRICT
        COURT DID NOT ABUSE ITS DISCRETION BY NOT APPOINTING
        SUBSTITUTE COUNSEL..........................................................................25

        A.      Standard of review .................................................................25

B.    Durachinsky was represented by counsel at the competency hearing.......................................................................26

C.    The district court did not abuse its discretion when it did not appoint substitute counsel for Durachinsky.............................31

III.    THE DISTRICT COURT DID NOT IMPROPERLY DENY DURACHINSKY THE RIGHT TO CALL WITNESSES AT THE COMPETENCY HEARING. ..........................................................35

A.    Standard of review ..................................................35

B.    The district court did not deny Durachinsky his right to call witnesses or present evidence at his competency hearing because he was represented by counsel, and counsel was provided with the opportunity to call witnesses or present evidence. ................................................................37

CONCLUSION ....................................................................42

CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION.................43

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ..............44

# <u>TABLE OF AUTHORITIES</u>

## <u>Federal Cases</u>

<u>Already, LLC v. Nike, Inc.</u>, 568 U.S. 85 (2013) .......................................23

<u>Caswell v. Ryan</u>, 953 F.2d 853 (1992) ....................................................31

<u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541 (1949)................................20

<u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463 (1978)...........................................19

<u>Demis v. Sniezek</u>, 558 F.3d 508 (6th Cir. 2009) ................................................. 2, 18

<u>Flanagan v. United States</u>, 465 U.S. 259, 265 (1984) ............................................20

<u>Gonzalez v. United States</u>, 553 U.S. 242 (2008)................................................27

<u>Hull v. Freeman</u>, 932 F.2d 159 (3d Cir. 1991) .........................................................31

<u>Lewis v. Cont'l Bank Corp.</u>, 494 U.S. 472 (1990) ................................................18

<u>McCoy v. Louisiana</u>, 584 U.S. 414 (2018)................................................27

<u>Miller v. United States</u>, 561 F.App'x. 485 (6th Cir. 2014).   ..................................36

<u>Parr v. United States</u>, 351 U.S. 513 (1956)................................................19

<u>Samatar v. Clarridge</u>, 225 F.App'x. 366 (6th Cir. 2007)........................................39

<u>Sell v. United States</u>, 539 U.S. 166 (2003) .............................................................19

<u>St. Louis, Iron Mountain & Southern R. Co. v. Southern Express Co.</u>, 108 U.S. 24 (1883)................................................................................................19

<u>United States v. Bergrin</u>, 885 F.3d 416 (6th Cir. 2018)..................................... 21, 22

<u>United States v. Berry</u>, No. 23-30036, 2023 WL 2912484 (5th Cir. Apr. 12, 2023) ................................................................................................23

<u>United States v. Blackwell</u>, 459 F.3d 739 (6th Cir. 2006).......................................37

<u>United States v. Boigegrain</u>, 122 F.3d 1345 (10th Cir. 1997) (en banc)................21

iv

United States v. Boigegrain, 155 F.3d 1181 (10th Cir. 1998).................... 27, 28, 31

United States v. Campos, No. 23-10508, 2024 WL 33914 (11th Cir. Jan. 3, 2024) ..........................................................................................................24

United States v. Davis, 93 F.3d 1286 (6th Cir. 1996) ....................................... 1, 20

United States v. Davis, 373 F.Supp.2d 788 (E.D. Tn. 2005). ...............................38

United States v. Detloff, 794 F.3d 588 (6th Cir. 2015) ..........................................26

United States v. Donadeo, 910 F.3d 886 (6th Cir. 2018) .......................................36

United States v. Evans, 883 F.2d 496 (6th Cir. 1989)............................................37

United States v. Friedman, 366 F.3d 975 (9th Cir. 2004). ....................................21

United States v. Gabrion, 517 F.3d 839 (6th Cir.2008)..........................................18

United States v. Gold, 790 F.2d 235 (2d Cir. 1986)...............................................21

United States v. Golson, 95 F.4th 456 (6th Cir. 2024) ..................................... 36, 38

United States v. Hollywood Motor Car Co., 458 U.S. 263 (1982) (per curiam).....19

United States v. Hymes, 19 F.4th 928 (6th Cir. 2021) ...........................................36

United States v. Jackson, 179 F.App'x. 921 (6th Cir. 2006) .................................30

United States v. Jackson, 815 F.App'x. 398 (11th Cir. 2020)................................39

United States v. Jennings, 83 F.3d 145 (6th Cir. 1996)..........................................33

United States v. Mandycz, 351 F.3d 222 (6th Cir. 2003)........................................22

United States v. Marin, 597 F.Supp.3d 1162 (E.D. Mi. 2022)................................38

United States v. Marrero, 651 F.3d 453 (6th Cir. 2011)............................. 26, 32, 33

United States v. Martin, 608 F.App'x. 340 (6th Cir. 2015).............................. 25, 29

United States v. Martinez, 588 F.3d 301 (6th Cir. 2009) .......................................38

United States v. Martirossian, 917 F.3d 883 (6th Cir. 2019). ...............................19

United States v. Mattison, 904 F.2d 709 (Table), 1990 WL 75252 (6th Cir. 1990) ...................................................................................................22

United States v. Mooneyham, 473 F.3d 280 (6th Cir. 2007) ................................25

United States v. Mosely, 810 F.2d 93 (6th Cir. 1987)................................... 36, 38

United States v. Murphy, 241 F.3d 447 (6th Cir. 2001).......................................37

United States v. Pittman, 11 F.App'x. 521 (6th Cir. 2001) ..................................35

United States v. Rayyan, 668 F.App'x. 646 (Mem) (6th Cir. 2016) .....................24

United States v. Ross, 703 F.3d 856 (6th Cir. 2012).   ......................... 26, 28, 30, 39

United States v. Sanchez-Gomez, 584 U.S. 381 (2018).........................................23

United States v. Sanders, 276 F.App'x. 532 (8th Cir. 2008)................................24

United States v. Stewart, 73 F.4th 423 (6th Cir. 2023) .........................................37

United States v. Watkins, 509 F.3d 277 (6th Cir. 2007).   .............................. 25, 37

United States v. Yeager, 303 F.3d 661 (6th Cir. 2002).   ................................. 1, 19

## **Federal Statutes**

18 U.S.C. § 3142 ...................................................................................... 14, 23

18 U.S.C. § 4241(a) .........................................................................................7

18 U.S.C. § 4241(b) ................................................................................... 7, 13

18 U.S.C. § 4241(d) ........................................................ 1, 13, 15, 21, 23, 24

18 U.S.C. § 4242 ...................................................................................... 20, 21

18 U.S.C. § 4247(b) .........................................................................................7

18 U.S.C. § 4247(c) .........................................................................................7

18 U.S.C. § 4247(d) ................................................................................... 35, 37

28 U.S.C. § 1291 ....................................................................................... 1, 18, 21

## **Federal Rules**

Fed. R. App. P. 34(a)(2)(C) ...................................................................... viii

Fed. R. Crim. P. 12.2...................................................................................20

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff-Appellee, the United States of America, believes that the briefs and record adequately present the facts and legal arguments and that oral argument would not significantly aid this Court.  Defendant-Appellant, Phillip Durachinsky ("Durachinsky"), has not requested oral argument.  (Doc. 26 : Durachinsky's Br., Page 4).  Therefore, the United States recommends that this Court decide this case on the briefs under Federal Rule of Appellate Procedure 34(a)(2)(C).

## JURISDICTIONAL STATEMENT

This Court lacks jurisdiction because the appeal of the order committing Durachinsky to the custody of the Attorney General to determine if he can be restored to competency is now moot.  28 U.S.C. § 1291 limits the jurisdiction of courts of appeals to "final decisions of the district courts of the United States." Durachinsky did not appeal a final decision.  Durachinsky appealed the order of the district court committing him to the custody of the Attorney General for a period of four months to determine if he could be restored to competency pursuant to 18 U.S.C. § 4241(d). (R. 186: Notice of Appeal, PageID 1483).  This order was not a final decision because "a final decision exists only after the defendant has been sentenced."  United States v. Yeager, 303 F.3d 661, 665 (6th Cir. 2002).

Although not a final decision for purposes of 18 U.S.C. § 1291, an appeal of a commitment order under 18 U.S.C. § 4241(d) is appealable under the collateral order doctrine.  See United States v. Davis, 93 F.3d 1286, 1289 (6th Cir. 1996). ("An order of commitment for psychiatric examination easily satisfies the requirements of the collateral order doctrine.").  Durachinsky's appeal is moot, however, because the period of commitment to the Attorney General for four months to determine if he can be restored to competency has ended, and Durachinsky has been returned to the Northern District of Ohio.  He is no longer in the custody of the Attorney General pursuant to the commitment order he was

appealing, and the Bureau of Prisons ("BOP") forensic psychologist has submitted a report stating that Durachinsky is now competent. Therefore, his appeal is moot, and this court lacks jurisdiction. See Demis v. Sniezek, 558 F.3d 508, 512 (6th Cir. 2009) ("Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question.").

## <u>STATEMENT OF THE ISSUES</u>

I.     Does this Court lack jurisdiction over Durachinsky's appeal of the district
       court's commitment order because his claim is moot now that the period
       of commitment has ended?

II.    Assuming the availability of appellate review, did the district court deny
       Durachinsky the assistance of counsel at his competency hearing and
       abuse its discretion when it did not appoint substitute counsel?

III.   Assuming the availability of appellate review, did the district court deny
       Durachinsky the right to call witnesses, present evidence, and cross-
       examine the Government's witnesses at his competency hearing?

## STATEMENT OF THE CASE

### I.     Factual Background and Relevant Procedural History

#### A.     Offense conduct

Defendant-Appellant Phillip Durachinsky created and used malware known as "Fruitfly" to illegally access thousands of computers.  Through the malware, Durachinsky took control of many of the computers without the permission or knowledge of the computer owners.  He was also able to secretly activate and control the computers' microphones and web cameras.  He then stole private data and secretly observed and recorded victims in their most private and intimate moments. Durachinsky took meticulous notes of his activities secretly spying on victims through their computers and kept a highly organized, curated library of images of victims that he had surreptitiously recorded.  The victims of his spying included minors, and Durachinsky recorded and saved numerous nude images of several of the minors.  (R. 160: Superseding Indictment, PageID 1246-60).

#### B.     Arrest and Indictment

Durachinsky was arrested on January 25, 2017, pursuant to a criminal complaint.  (R. 1: Criminal Complaint, PageID 1-5).  Durachinsky waived his preliminary hearing.  (R. 5: Waiver of Preliminary Hearing, PageID 15).  The district court granted multiple orders granting continuances of the time period in which to indict Durachinsky.  (R. 8: Marginal Entry Order, PageID 25;

R. 14: Marginal Entry Order, PageID 40; R. 16: Marginal Entry Order, PageID 47;

R. 23: Marginal Entry Order, PageID 67; R; 27: Marginal Entry Order, PageID 81;

R; 30: Marginal Entry Order, PageID 90).

On January 10, 2018, Durachinsky was indicted and charged with Damaging

Protected Computers in violation of 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i) and

(VI) (Count 1); Accessing Protected Computers in violation of 18 U.S.C. §

1030(a)(2) and (c)(2)(A) (Count 2); Production of Child Pornography in violation

of 18 U.S.C. § 2251(a) (Count 3); Wire Fraud, in violation of 18 U.S.C. §§ 1343

and 2 (Counts 4-6); Aggravated Identity Theft, in violation of 18 U.S.C. §

1028A(a)(1) (Counts 7-10); Accessing Government Computer Without

Authorization, 18 U.S.C. § 1030(a)(3) and (c)(2)(A) (Count 11); and Illegal

Wiretap, 18 U.S.C. § 2511(1)(b) and (4)(a) (Counts 12-16).  (R. 38: Indictment,

PageID 105-115).

On November 17, 2022, Durachinsky was charged in a 36-count

Superseding Indictment with the following offenses: Intentional Damage to

Protected Computers, 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i) ((c)(4)(A)(i)(I)

and (VI)) (Counts 1-5); Accessing Protected Computers, 18 U.S.C. §§ 1030(a)(2)

and (c)(2)(A) (Counts 6-10); Sexual Exploitation of a Child, 18 U.S.C. § 2251(a)

and (e) (Counts 11-13); Wire Fraud, 18 U.S.C. §§ 1343 and 2 (Counts 14-26);

Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1) (Counts 27-30); Accessing

Government Computer Without Authorization, 18 U.S.C. § 1030(a)(3) and

(c)(2)(A) (Count 31); and Illegal Wiretap, 18 U.S.C. § 2511(1)(b) and (4)(a)

(Counts 32-36). (R. 150: Superseding Indictment, PageID 1184-97).

On February 23, 2023, the grand jury returned a Second Superseding

Indictment, charging Durachinsky with Intentional Damage to Protected

Computers, 18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i) ((c)(4)(A)(i)(I) and (VI))

(Counts 1-5); Accessing Protected Computers, 18 U.S.C. §§ 1030(a)(2) and

(c)(2)(A) (Counts 6-10); Sexual Exploitation of a Child, 18 U.S.C. § 2251(a) and

(e) (Counts 11-13); Wire Fraud, 18 U.S.C. §§ 1343 and 2 (Counts 14-26);

Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1) (Counts 27-30); Accessing

Government Computer Without Authorization, 18 U.S.C. § 1030(a)(3) and

(c)(2)(A) (Count 31); and Illegal Wiretap, 18 U.S.C. § 2511(1)(b) and (4)(a)

(Counts 32-36). (R. 160: Second Superseding Indictment, PageID 1246-60).

### C.    **Pretrial Detention Proceedings**

After his arrest on January 25, 2017, Durachinsky waived his right to a

detention hearing and was ordered detained pending trial. (R. 4: Waiver of

Detention Hearing and Order, PageID 14). Citing changed circumstances,

Durachinsky filed a motion for a detention hearing on January 18, 2021, seeking

release on bond. (R. 96: Motion for Detention Hearing, PageID 832-39). After

holding a hearing on his motion for release on bond, the assigned Magistrate Judge

ordered Durachinsky detained pending trial.  (R. 103: Detention Order, PageID 890-91).  Durachinsky remains detained pursuant to this order.

### D.    <u>Competency Proceedings</u>

On May 19, 2023, Durachinsky filed a sealed Motion for Competency Hearing pursuant to 18 U.S.C. § 4241(a).  (R. 176: Motion for Competency Hearing, PageID 1392-1442).   In support of his motion, Durachinsky attached a report of a recent psychological examination by a psychologist chosen by the defense.  In the report, the psychologist opined that Durachinsky was not competent in that he was suffering from a mental disease or defect that made him incapable of assisting properly in his defense.  (<u>Id.</u>, at PageID 1436).  In response, the government filed a Motion for Competency Evaluation requesting that the district court order Durachinsky to "undergo a psychiatric or psychological examination at a suitable Bureau of Prisons facility pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and that a report regarding Durachinsky's competency to stand trial be prepared as required by 18 U.S.C. § 4247(c)."  (R. 177: Government's Motion for Competency Evaluation, PageID 1443).

The district court held a hearing on the motions on June 6, 2023.  After the hearing, on June 7, 2023, the district court denied the defense motion for a competency hearing but granted the government's motion for an inpatient psychological evaluation pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).  (R. 178:

Order, PageID 1446-47; R. 179: Order, PageID 1448-49).  The district court

further ordered that a written report be submitted to the district court and counsel

within 30 days of the completion of the evaluation.  (Id., at PageID 1449).

Durachinsky was transferred to Federal Detention Center, SeaTac,

Washington for the evaluation.  He arrived there on July 19, 2023.  The facility

requested a 15-day extension of the evaluation period, until September 2, 2023.

(R. 180: Letter, PageID 1450).  The examining forensic psychologist prepared a

report that was received by the district court on September 28, 2023, and filed

under seal on October 4, 2023.  (R. 181: Psychiatric Report, PageID, 1451-1464).

In this report, the forensic psychologist also found that Durachinsky was unable to

properly assist in his defense and recommended that he be referred for restoration

to competency.  (Id.).

On November 29, 2023, the district court held a competency hearing.  The

court summarized the competency proceedings thus far, including the findings and

recommendations of the psychologist hired by the defense and the Bureau of

Prisons ("BOP") forensic psychologist.  (R. 191: Comp. Hrg. Tr. 11/29/2023,

PageID 1490-1494).  The district court summarized the results of the court-ordered

BOP evaluation: "And so the conclusion, overall conclusion, and I'm simplifying,

is that he is not competent to stand trial at this time and that the Court should find

that he isn't and that he should be ordered to go through the process where he will

8

be formally restored to competency or where it's determined whether or not he can be formally restored to competency."  (Id., at PageID 1492).

The district court asked the parties for their positions.  Counsel for the government stipulated to the reports by the defense psychologist and the BOP forensic psychologist and requested that the district court "make a finding that he's incompetent and order him to be restored."  (Id., at PageID 1494).  Counsel for Durachinsky concurred, stating, "That's our position as well, Your Honor."  (Id.).  After stating that he agreed with the government's stipulation to the reports and request that Durachinsky be found incompetent, defense counsel informed the district court that Durachinsky wished to address the court directly.  The purpose of this was for Durachinsky to inform the district court that he did not agree with the reports finding him incompetent or with his defense counsel's position that he should be found incompetent.  (Id., at PageID 1494-95).

The district court permitted Durachinsky to speak and put his concerns on the record.  Durachinsky expressed his disagreement with the reports, as well as his concern that he was not being represented by counsel at the hearing because his attorney was not presenting a case on his behalf that he was competent.  Durachinsky also expressed a desire to call witnesses challenging the conclusions of the reports.  (Id., at PageID 1496-1502).  The district court responded to Durachinsky's desire to call witnesses:

> All right. In terms of a competency hearing, you're not entitled to any particular—to hear from—to call any particular witnesses or to put on any particular witnesses. The format can vary depending on the circumstances, so the Court has really pretty broad discretion there. I just wanted to be clear so you didn't think there was a right to call any particular witnesses or—and so forth. I wanted to be clear about that.

(Id., at PageID 1502). Durachinsky responded, "Oh. It was my impression that both under due process as well as under the statutes for the Insanity Defense Reform Act that I did have a right to call witnesses." (Id., at PageID 1502-03). The district court then clarified,

> Well, when you say 'a right to call witnesses,' I mean, if the Court determined that witnesses were—that there were witnesses that the Court felt necessary to make a determination, then you certainly could call those witnesses. But there's no absolute right to get a witness list and just to call whatever people you want to call. I haven't done any intensive research on it, but the statute doesn't seem to read that way, and based on my experience that would not be the case.

(Id., at PageID 1503).

In response to a question from the district court, defense counsel also explained that they had an ethical duty to raise issues of client competency:

> I believe it's an ethical concern as well where defense attorneys have to raise it if they have concerns about competence. I think it's certainly a moral obligation where they have concerns where their client is not able to understand what's going on in a courtroom or understand the proceedings meaningfully or meaningfully able to assist them, I think they have a moral as well as ethical obligation to stand up and bring that to the Court's attention.

(Id., at PageID 1508). Ultimately, the district court did not make any findings regarding competency on November 29, 2023, because Durachinsky had not yet

had the opportunity to read the report.  The court recessed the proceedings to allow Durachinsky the chance to review the report.  (Id., at 1509).

After the hearing was recessed, Durachinsky filed a motion requesting that the district court schedule a hearing on whether Durachinsky could be restored to competency within four months, due to concerns that delays in designating Durachinsky to an appropriate BOP facility could cause the restoration process to continue for an unreasonably long time.  (R. 182: Motion to Schedule Restoration Hearing, PageID 1465-68).  The government filed a motion in opposition. (R. 183: Government Response to Motion to Schedule Restoration Hearing, PageID 1469-77).

The competency hearing continued on December 7, 2023, after Durachinsky had an opportunity to review the report.  The district court first put on the record that Durachinsky sent a letter requesting appointment of new counsel. (R. 194: Comp. Hr. Tr. 12/7/2023, PageID 1551-52).  The court reviewed with Durachinsky the multiple attorneys who had represented him in this case, as well as the reasons why Durachinsky was dissatisfied with each of them.  The court also addressed complaints Durachinsky expressed in the letter about the way the competency evaluation process had been conducted.  (Id., at PageID 1553-59).  The court did not issue a formal ruling but did not appoint new counsel for Durachinsky.

The district court summarized the findings of the psychological examinations and their recommendations that the district court find that Durachinsky was "not competent to assist his counsel in his defense" and that he be "committed to the custody of the Attorney General for the possible restoration of competency."  (<u>Id.</u>, at PageID 1575).

Prior to ruling on Durachinsky's competency, the court allowed Durachinsky to speak.  Durachinsky expressed his disagreement with the recommendations of the psychological examinations and repeated his desire to present witnesses and evidence. Durachinsky also expressed numerous areas of dissatisfaction with his attorneys and the proceedings in general.  (<u>Id.</u>, at PageID 1575-89).  After giving Durachinsky an extended opportunity to express his concerns, the district court found that Durachinsky was not competent to assist counsel in his defense.  (<u>Id.</u>, at PageID 1590).

Although the district court denied Durachinsky's Motion to Schedule Restoration Hearing, the court addressed the concerns about potential delays in the four-month evaluation period.  Specifically, the court ordered that if BOP had not designated Durachinsky to an appropriate BOP facility within six weeks, the court would hold a hearing to determine if Durachinsky should be released on bond.  (<u>Id.</u>, at PageID 1593).

The district court issued a written order detailing its findings from the competency hearing the following day on December 8, 2023. The court found that Durachinsky "possesses an inadequate capacity to stand trial and assist in his defense pursuant to 18 U.S.C. § 4241(b) for the reasons stated in the report on the open record." The district court "also determined that the Defendant should be committed to the custody of the Attorney General to determine if he can be restored to competency." (R. 184: Order, PageID 1478). The court indicated that it would issue a separate order committing Durachinsky to the custody of the Attorney General. (Id., at PageID 1479).

The court's separate order reiterated the court's finding that Durachinsky was incompetent and committed him "to the custody of the Attorney General for placement in a suitable facility, pursuant to 18 U.S.C. § 4241(d), for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings in this matter to go forward." (R. 185: Order, PageID 1481-82). The order further directed that Durachinsky be designated to an appropriate facility within six weeks and indicated that a failure to do so would result in the district court entertaining a motion for release on bond pending designation. (Id., at PageID 1482).

On December 18, 2023, Durachinsky filed a pro se Notice of Appeal of the district court's December 8, 2023, orders. (R. 186: Notice of Appeal: PageID 1483). Durachinsky did not request a stay of the court's orders.

Durachinsky was designated to the Metropolitan Correctional Center Chicago, Illinois for the restoration evaluation on December 12, 2023, and arrived there on December 27, 2023. (R. 188: Letter, PageID 1486). The evaluation to determine if Durachinsky could be restored to competency was completed as of May 2, 2024. (R. 199: Letter, PageID 1602). Durachinsky's commitment to the custody of the Attorney General to determine if he could be restored to competency ended. As of May 15, 2024, he had returned to the Northern District of Ohio, where he remains in pretrial detention pursuant to 18 U.S.C. § 3142. (See R. 200: Pretrial Conference Order, PageID 1603-04). The BOP submitted a report to the court stating that Durachinsky has been restored to competency, along with a Certificate of Restoration of Competency to Stand Trial. (R. 201: Psychiatric Report and Certificate, PageID 1605-28).

## SUMMARY OF ARGUMENT

This Court lacks jurisdiction over Durachinsky's appeal of the district court's commitment order because the period of commitment has ended, making this appeal moot. Under the collateral order doctrine, this Court only had jurisdiction over Durachinsky's appeal of the order committing him to the custody of the Attorney General under 18 U.S.C. § 4241(d). The actual finding of competency or incompetency is not an appealable collateral order because it can be properly appealed after the final judgment. Because Durachinsky's period of commitment to the custody of the Attorney General under 18 U.S.C. § 4241(d) has ended, his appeal of that commitment order is now moot, which means this Court lacks jurisdiction over it.

Alternatively, if this Court retains jurisdiction over this appeal, the district court did not deny Durachinsky counsel at his competency hearing. Durachinsky was represented by counsel. Durachinsky's counsel appropriately raised the issue of competency by filing a motion for a competency hearing after having good faith doubts about Durachinsky's ability to assist in his defense. Durachinsky's counsel retained a psychologist for the defense to evaluate Durachinsky. After the BOP forensic psychologist came to the same conclusion as the defense's psychologist that Durachinsky was not competent, Durachinsky's counsel appropriately agreed that Durachinsky should be found incompetent to stand trial. Durachinsky's

15

disagreement with his attorney does not mean that he was constructively denied counsel.

The district court also did not abuse its discretion by failing to appoint substitute counsel.  The court received a request for new counsel between the November 29, 2023, and December 7, 2023, hearings, and properly inquired into the issues raised by the request through a discussion on the record with Durachinsky and his attorney.  Appointing substitute counsel would have caused further delays in the competency proceedings, and the basis for new counsel was a disagreement with defense counsel, not a complete breakdown in communication. Faced with these circumstances, the district court did not abuse its discretion by not appointing substitute counsel.

Finally, the district court did not deny Durachinsky the right to call witnesses, present evidence, or cross-examine the government's witnesses at the competency hearing.  Durachinsky was represented by counsel at the competency hearing and was required to act through counsel.  The district court did not deny any requests to present evidence or witnesses made by Durachinsky's counsel. Durachinsky's disagreement with his counsel's decision not to call any witnesses does not mean that he was denied the opportunity to call witnesses or present evidence.  The district court provided Durachinsky an opportunity, through his counsel, to contest the findings of the psychological reports.  Durachinsky's

counsel stipulated to the contents of the reports and concurred that Durachinsky should be found incompetent.  As a result, the hearing was uncontested, and no witnesses were required.

## ARGUMENT

## I. THIS COURT SHOULD DISMISS DURACHINSKY'S APPEAL BECAUSE IT IS MOOT AND THIS COURT LACKS JURISDICTION OVER IT.

### A. Standard of review

"Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question." Demis, 558 F.3d at 512 (citing Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)). The proper standard of review for a jurisdictional question is de novo review. See Demis, 558 F.3d at 512 ("This Court reviews jurisdictional issues de novo.") (citing United States v. Gabrion, 517 F.3d 839, 844 (6th Cir.2008)).

### B. Durachinsky's appeal is moot.

Durachinsky's appeal of the order committing him to the custody of the Attorney General to determine if he can be restored to competency is moot because the period of commitment has ended. This Court should therefore dismiss Durachinsky's appeal as moot.

28 U.S.C. § 1291 provides that "courts of appeal … shall have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "In general, a 'judgment' or 'decision' is final for the purpose of appeal only 'when it terminates the litigation between the parties on the merits of

the case, and leaves nothing to be done but to enforce by execution what has been determined.'" Parr v. United States, 351 U.S. 513, 518 (1956) (quoting St. Louis, Iron Mountain & Southern R. Co. v. Southern Express Co., 108 U.S. 24, 28 (1883)).  "[T]he Supreme Court has made clear that for purposes of a defendant's criminal appeal, a final decision exists only after the defendant has been sentenced." Yeager, 303 F.3d at 665.  The purpose of limiting appeals to final decisions is "to prevent 'piecemeal' adjudication" because "[w]ithout the final order rule, cases might bounce back and forth between the trial and appellate courts, as disgruntled litigants seek to reverse each and every ruling, no matter how minor." United States v. Martirossian, 917 F.3d 883, 886 (6th Cir. 2019).  The limitation on appeals to final decisions is "strongest … in the field of criminal law." Id. (quoting United States v. Hollywood Motor Car Co., 458 U.S. 263, 265 (1982) (per curiam)).

In certain limited circumstances, courts have approved an exception to the limitation on appeals to final decisions for certain "collateral orders."  The Supreme Court "has held that a preliminary or interim decision is appealable as a 'collateral order' when it (1) 'conclusively determine[s] the disputed question,' (2) 'resolve[s] an important issue completely separate from the merits of the action,' and (3) is 'effectively unreviewable on appeal from a final judgment.'" Sell v. United States, 539 U.S. 166, 176 (2003) (quoting Coopers & Lybrand v. Livesay,

437 U.S. 463, 468 (1978)).  See also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).  "Because of the compelling interest in prompt trials, the [Supreme] Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases."  Flanagan v. United States, 465 U.S. 259, 265 (1984).

Despite the strong interest in limiting the "collateral order" exception in criminal cases, this Court has held that "[a]n order of commitment for psychiatric examination easily satisfies the requirements of the collateral order doctrine." Davis, 93 F.3d at 1289.  In Davis, this Court found that a defendant could appeal an order committing her to the custody of the Attorney General for a psychiatric evaluation pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 4242, which provides for a psychiatric or psychological examination when a defendant files a notice indicating that they intend to rely on an insanity defense.  Id., at 1288. The defendant in that case was not in pretrial detention and the commitment order required her to surrender to a BOP facility for the evaluation.  This Court found that this commitment order was appealable under the collateral order doctrine.  Most importantly, the Court found that there could be no post-trial review of the loss of liberty caused by the commitment for the evaluation, meaning that "no effective relief could be provided for her loss of liberty during the period of commitment."  Id., at 1289.

Although <u>Davis</u> dealt with a commitment order pursuant to Section 4242, the same logic would apply to an order of commitment under Section 4241(d). Multiple other circuit courts of appeals have determined that Section 4241(d) commitment orders are immediately appealable under the collateral order doctrine. <u>See</u>, <u>e.g.</u>, <u>United States v. Boigegrain</u>, 122 F.3d 1345, 1349 (10th Cir. 1997) (en banc) (applying the collateral order doctrine find "that a § 4241(d) commitment order is appealable"); <u>United States v. Gold</u>, 790 F.2d 235, 239 (2d Cir. 1986) (finding that commitment order under Section 4241(d) is immediately appealable); <u>United States v. Friedman</u>, 366 F.3d 975, 979-980 (9th Cir. 2004).

As a result, this Court had jurisdiction over Durachinsky's appeal of the order committing him to the custody of the Attorney General to determine if he could be restored to competency. However, this Court did not have jurisdiction over the underlying finding of incompetency because that finding was not a final decision for purposes of 28 U.S.C. § 1291 and was not an appealable "collateral order."

First, a finding of incompetency is not a final decision. Finding a defendant incompetent to stand trial only leads to a further step in the competency process, the restoration process, not the end of the criminal case or a final judgment. Thus, it is not a final decision reviewable under 18 U.S.C. § 1291. <u>See</u> <u>United States v. Bergrin</u>, 885 F.3d 416, 420 (6th Cir. 2018) ("Recall that Bergrin could not have

appealed the court's incompetence finding before it entered final judgment.").

Second, applying collateral order analysis, the incompetency finding does not qualify as an appealable collateral order because, unlike a commitment order to the temporary custody of the Attorney General, a defendant can still obtain relief from a competency determination through an appeal of the competency ruling after the criminal case is complete. See Bergrin, 885 F.3d at 419-420) (holding that defendant could appeal dismissal of case based on finding of incompetence); United States v. Mandycz, 351 F.3d 222, 225 (6th Cir. 2003) ("Accordingly, courts that have addressed this issue have consistently ruled that competency determinations—unlike commitment orders—are not appealable as collateral orders because they are fully reviewable following the final judgment of the district court. We therefore find that the district court's ruling concerning a defendant's competency in denaturalization proceedings is not appealable as a collateral order.") (internal citations omitted); United States v. Mattison, 904 F.2d 709 (Table), 1990 WL 75252, at *1 (6th Cir. Jun. 6, 1990) (finding that "the defendant's competency may be reviewed on appeal from conviction and sentence" and that "immediate appeal is not necessary to preserve any right to the defendant").

Because this Court does not have jurisdiction over the appeal of the district court's finding of incompetency, the only potential basis for jurisdiction of this

appeal was the district court's commitment order.  The period of commitment to the custody of the Attorney General authorized by the December 8, 2023, commitment order has now ended.  Durachinsky is no longer in the custody of the Attorney General pursuant to that order, and BOP has reported that he is now competent, which makes Durachinsky's appeal of that commitment order moot.

"A case that becomes moot at any point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes of Article III," and is outside the jurisdiction of the federal courts." United States v. Sanchez-Gomez, 584 U.S. 381, 386-87 (2018) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)). Durachinsky is no longer being held in custody pursuant to the Section 4241(d) commitment order.  He remains in custody pursuant to the order of pretrial detention under 18 U.S.C. § 3142.  Reversing the commitment order would not provide any relief to Durachinsky.

If Durachinsky was not already subject to a pretrial detention order and remained in the custody of the Attorney General solely pursuant to the Section 4241(d) commitment order, there would still be relief for this Court to grant, namely, his release from custody.  See, e.g., United States v. Berry, No. 23-30036, 2023 WL 2912484, at *3 (5th Cir. Apr. 12, 2023) (unpublished). (finding that appeal of Section 4241(d) order was not moot despite the completion of the restoration evaluation where the "the defendant remains in Attorney General

custody and has not yet been civilly committed").

Since Durachinsky is not, however, in custody because of the Section 4241(d) commitment order, this Court no longer has any means of granting him relief from the commitment order, making this appeal moot. See United States v. Rayyan, 668 F.App'x. 646 (Mem) (6th Cir. 2016) (granting government's motion to dismiss appeal of order for involuntary commitment for psychiatric evaluation as moot when the evaluation and detention had already been completed); United States v. Campos, No. 23-10508, 2024 WL 33914, at *2 (11th Cir. Jan. 3, 2024) (explaining that appeal of commitment order was moot and the court lacked jurisdiction "[b]ecause Campos's extended period of confinement has concluded" and "we cannot grant him any meaningful relief in this appeal from the order committing him to the custody of the Attorney General for an additional 120 days"); United States v. Sanders, 276 F.App'x. 532, 533-34 (8th Cir. 2008) (finding that appeal of order that defendant undergo competency evaluation was moot where the evaluation had already been completed and defendant had been found to be competent).

In summary, this Court lacks jurisdiction over Durachinsky's appeal. This Court's jurisdiction was limited to the appeal of the commitment order and did not extend to the finding that Durachinsky was incompetent. Because the period of commitment is now over, Durachinsky's appeal of that commitment order is now

moot.  This Court should therefore dismiss his appeal.

## II. DURACHINSKY WAS NOT DENIED THE ASSISTANCE OF COUNSEL AT THE COMPETENCY HEARING, AND THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY NOT APPOINTING SUBSTITUTE COUNSEL.

### A. Standard of review

For the foregoing reasons, this Court should not reach the merits of Durachinsky's claims.  However, were this Court to do so, it should find that Durachinsky's claims are without merit.  Durachinsky argues that he was constructively denied his Sixth Amendment right to counsel at the competency hearing.  This Court typically "review[s] constitutional challenges to criminal convictions *de novo* as questions of law."   United States v. Watkins, 509 F.3d 277, 280 (6th Cir. 2007).  Therefore, the proper standard of review of his Sixth Amendment claim should be *de novo*.  See United States v. Martin, 608 F.App'x. 340, 343 (6th Cir. 2015) (applying *de novo* review to claim that defendant was unconstitutionally denied counsel during competency hearing).

Durachinsky also argues that the district court should have appointed substitute counsel.  A district court's decision not to appoint substitute counsel is reviewed for abuse of discretion.  See United States v. Mooneyham, 473 F.3d 280, (6th Cir. 2007) ("We will reverse a district court's decision regarding an indigent defendant's motion for substitute counsel only if the district court has abused its

discretion."); United States v. Marrero, 651 F.3d 453, 464 (6th Cir. 2011) ("We review for abuse of discretion the district court's decision that an indigent defendant failed to demonstrate good cause for substitute counsel.").

**B. Durachinsky was represented by counsel at the competency hearing.**

Durachinsky first claims that he was denied his Sixth Amendment right to representation of counsel at the competency hearing. This claim is without merit, as the record shows that Durachinsky was represented by counsel at the hearing who fully discharged his duty to represent Durachinsky.

The Sixth Amendment right to counsel applies to competency hearings. See United States v. Ross, 703 F.3d 856, 868-869 (6th Cir. 2012). Although the record shows that Durachinsky was represented by counsel throughout the proceedings, Durachinsky claims that he was "constructively" denied the right to counsel, which "occurs where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or another "constitutional error of the first magnitude" violating the right to counsel is shown." United States v. Detloff, 794 F.3d 588, 593-94 (6th Cir. 2015) (citations omitted). Durachinsky argues that he was constructively denied counsel because his attorney did not oppose the district court's finding that he was incompetent at the competency hearing.

At its core, Durachinsky's complaint is that his attorney did not do what Durachinsky wanted. Durachinsky made clear on the record at the competency

hearing that he believed he was competent and wanted his attorney to argue that he was competent on his behalf.  Despite Durachinsky's request to have his attorney argue that he was competent, his attorney was not required to follow that instruction.  Contrary to Durachinsky's claim, a defendant is not constructively denied counsel when an attorney does not blindly follow a defendant's wishes.  Strategic decisions related to management of a defendant's case are decisions reserved to the attorney.  "Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as 'what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence.'"  McCoy v. Louisiana, 584 U.S. 414, 421 (2018) (citing Gonzalez v. United States, 553 U.S. 242, 248 (2008)).  "While the Sixth Amendment demands that counsel to criminal defendants act as their advocates, the rule is not absolute in any sense. Counsel does not have to take every position and make every argument that the client requests."  United States v. Boigegrain, 155 F.3d 1181, 1187 (10th Cir. 1998).  A defendant's disagreement with those decisions, such as Durachinsky's disagreement with his counsel's decisions at the competency hearing, does not mean a defendant has been constructively denied counsel.

This Court has recognized that defendants who may be incompetent could be particularly vulnerable in courtroom proceedings by holding that defendants must

be represented by counsel at competency hearings and cannot be permitted to represent themselves.  See Ross, 703 F.3d at 869 (finding that defendant's "Sixth Amendment right to counsel was violated when the court allowed him to proceed [at competency hearing] without counsel despite having questions about his competency").  The duty of an attorney representing a defendant whose competency is in question is not to blindly do what the possibly incompetent defendant wants.  To require such obedience of an attorney would require replacing the professional judgment of an attorney with the judgment of a defendant who might not be competent to make such important decisions.  The very nature of the concerns raised by a possibly incompetent defendant require that the attorney be free to exercise their independent judgment about what is in the best interests of the defendant.  In those circumstances "when that competency is at issue, both the Constitution and governing statutes require that the defendant be represented by counsel whose duty it is to assure that the evidence supporting competency is closely examined."  Id., at 870.  Simply put, when a defendant's competency is in question, the defendant cannot be trusted to make the decisions during a competency hearing.  See Boigegrain, 155 F.3d at 1187 ("Requiring a lawyer to argue at the direction of one who may be mentally incompetent—that is, one who seems unable to comprehend the nature of the proceedings against him— serves neither the individual client nor the truth-seeking process.").

Here, Durachinsky's attorney fulfilled his duty to closely examine the evidence regarding competency. His attorney explained that he did not "make motions to have someone found not competent to assist me lightly." (R. 191: Comp. Hrg. Tr. 11/29/2023, PageID 1504.). His attorney also explained in detail the concerns he had and the steps that were taken through the examinations by a defense psychologist that resulted in the defense filing a motion requesting a competency hearing. (R. 194: Comp. Hrg. Tr. 12/7/2023, PageID 1556-59). The evidence available to Durachinsky's counsel was that two separate psychologists, one retained by the defense and the other employed by BOP, had come to the same conclusion, that Durachinsky was not competent. By agreeing with the results of two different subject-matter experts, Durachinsky's counsel merely followed the available evidence to the only reasonable conclusion supported by the factual record—that Durachinsky was incompetent.

In the context of determining whether stand-by counsel appointed for a pro se defendant provided a constitutionally sufficient representation at a competency hearing, this Court has provided guidance on what is required of counsel at a competency hearing. This Court has explained that counsel must submit the evidence regarding competency to "meaningful adversarial testing." Martin, 608 F.App'x. at 344. This standard does not require counsel to contest competency at the hearing or to "present argument during the competency hearing to satisfy this

29

standard, as long as the decision not to contest competency is an independent strategic one, borne out of adequate investigation of the defendant's competency and appropriate preparation for the hearing.  Adequate investigation entails, at a minimum, reading and analyzing a mental health evaluation of the defendant prepared for the hearing."  Id. (citing Ross, 703 F.3d at 873-74).

Here, Durachinsky's counsel satisfied this standard.  His counsel retained a defense expert who prepared a report.  At the competency hearing, he made clear that he had reviewed that report, as well as the report of the BOP forensic psychologist who agreed with the defense expert.  He participated in exchanges with the district court about his actions and the reports.  He also filed a motion requesting the scheduling of a restoration hearing to limit potential delay after the hearing, showing that he was actively involved in the litigation on his client's behalf.

Durachinsky's disagreement with his counsel's course of action does not mean that he was deprived of representation.  As Durachinsky's counsel noted, he had a duty to raise the issue of Durachinsky's competence, even if Durachinsky did not want him to.  See United States v. Jackson, 179 F.App'x. 921, 933 (6th Cir. 2006) ("Finally, it should be noted that in raising the issue of Jackson's competency, Butler was discharging his 'professional duty' as an officer of the court to raise the issue if counsel has a good faith doubt as to the defendant's

competence."). Simply abiding by Durachinsky's wishes would have "constitute[d] an abdication of counsel's professional obligations." Hull v. Freeman, 932 F.2d 159, 168 (3d Cir. 1991) (overruled on other grounds by Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992)). See also Boigegrain, 155 F.3d at 1188 ("Therefore, the defendant's lawyer is not only allowed to raise the competency issue, but, because of the importance of the prohibition on trying those who cannot understand proceedings against them, she has a professional duty to do so when appropriate.").

Durachinsky's attorney acted ethically and professionally. He fully discharged his duties to investigate Durachinsky's competency and having received two different reports recommending that he was incompetent, he properly concurred with the government that Durachinsky was not competent. Durachinsky's argument that he was constructively denied counsel is not supported by the record, and this Court should reject this claim.

## C. The district court did not abuse its discretion when it did not appoint substitute counsel for Durachinsky.

Second, Durachinsky suggests that he should have been appointed substitute counsel because his counsel was taking a position contrary to his. Durachinsky sent the district court a letter requesting new counsel during the period between the November 29, 2023, and December 7, 2023, competency hearings. In considering

whether the district court abused its discretion by not appointing substitute counsel, this Court considers the following factors:

> [1] the timeliness of the motion; [2] the adequacy of the court's inquiry into the defendant's complaint; ... [3] whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense[; and] [4] a balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice.

Marrero, F.3d at 464 (citations omitted).

Considering these factors, the district court did not abuse its discretion. Regarding timeliness, Durachinsky sent a letter requesting new counsel dated December 1, 2023, during a recess in the competency hearing. (R.194: Comp. Hrg. Tr., PageID 1551-52).  Appointing substitute counsel in the midst of the competency hearing would have further delayed proceedings that had already been continued to allow Durachinsky to review the BOP report.  A new attorney would have required a significant period of time to fully prepare for the renewed competency hearing, including reviewing both psychological reports, meeting with Durachinsky, and reviewing voluminous materials in a case that has been pending for approximately seven years.  Appointing new counsel would have caused a significant delay in the competency proceedings.

Next, the district court conducted a sufficient inquiry into Durachinsky's complaints about his counsel.  The court addressed Durachinsky's request at the start of the hearing on December 7, 2023, and engaged in a discussion with defense

counsel and Durachinsky regarding the issues raised in Durachinsky's letter requesting new counsel.  (Id., at PageID 1551-59).  Later in the hearing, the district court permitted Durachinsky an extensive opportunity to express his concerns about the competency hearing and the case, including his disagreements with his attorney. (Id., at PageID 1577-91).  This was sufficient.  See Marrero, 651 F.3d at 465 ("This Court's prior decisions indicate that, to meet this requirement, the district court simply must allow a defendant the opportunity to explain the attorney-client conflict as he perceives it.").

Regarding the extent of the conflict, strategic disagreements do not amount to good cause for appointment of new counsel.  As this Court has explained:

> Nonetheless, a defendant's differences of opinions with his attorney do not create a complete breakdown of communication that compromises his defense. This Court has previously emphasized that a defendant's "dissatisfaction with the responses he got from his lawyer, not with the lack of opportunity or his inability to talk to his lawyer or contact his lawyer," does not establish a total lack of communication.

Id., at 466.  In this case, Durachinsky disagreed with the position taken by his attorney at the competency hearing.   Mere disagreement is not sufficient to require appointment of new counsel.  This "factor requires a showing of more than communication with counsel which the defendant feels is unsatisfactory.  Rather it requires a showing that 'the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense.'"

United States v. Jennings, 83 F.3d 145, 149 (6th Cir. 1996).

The district court's discussion with Durachinsky made clear that Durachinsky could still communicate with his attorneys. In fact, Durachinsky himself pointed out that when his attorney came to visit him he had "gone along with whatever he needed to get done, whether it was going over discovery, whether it was getting information for a motion." Durachinsky also emphasized that his interactions with one member of the defense team was better and resulted in him backing down during disagreements when he provided Durachinsky with case law to review. (R.194: Comp. Hrg. Tr., PageID 1588).

Finally, considering the need to balance Durachinsky's right to counsel of his choice with the prompt and efficient administration of justice, the district court did not abuse its discretion. Appointment of new counsel would have delayed the competency proceedings, which were already causing significant delay in a case that has been pending for a significant period of time. The district court had already appointed counsel for Durachinsky twice after his initial retained counsel withdrew. (Id., at PageID 1554-55). The court made clear that his current counsel had a whole team working on the case on Durachinsky's behalf. (Id., at PageID 1555). Appointment of new counsel would only cause further delay.

There was also no reason for the district court to reasonably believe that a different attorney, when confronted with reports by a psychologist retained by the

defense and a BOP forensic psychologist that both recommended Durachinsky be found incompetent, would come to a different conclusion than his current counsel that it was in Durachinsky's interests to stipulate to the reports and to concur with finding Durachinsky incompetent.  See United States v. Pittman, 11 F.App'x. 521, 526 (6th Cir. 2001) (finding no abuse of discretion in denial of substitute counsel where "the court found that the dispute Pittman was having with his counsel was such as he would likely have had with any counsel. Hence, he had little legitimate interest in obtaining new counsel.").

Considering all of these factors, there was no abuse of discretion by the district court in not appointing new counsel for Durachinsky.

## III.    THE DISTRICT COURT DID NOT IMPROPERLY DENY DURACHINSKY THE RIGHT TO CALL WITNESSES AT THE COMPETENCY HEARING.

### A. Standard of review

Durachinsky claims he was denied the right to call witnesses and present evidence at the competency hearing in violation of 18 U.S.C. § 4247(d).  This claim should be reviewed for plain error because Durachinsky did not properly preserve this issue in the district court.  Although Durachinsky personally requested the opportunity to call witnesses and present evidence at the competency hearing, he was represented by counsel at the hearing who did not request the

opportunity to call any witnesses or present any evidence, other than the psychological reports the parties stipulated to.

As a represented party, the only legitimate requests to present evidence would have been those made by his counsel.  "A defendant has a constitutional right to be represented by counsel or to represent himself during his criminal proceedings, but not both." Miller v. United States, 561 F.App'x. 485, 488 (6th Cir. 2014).  A defendant does not have a right to hybrid representation where he has an attorney but is able to submit pro se filings as well.  United States v. Mosely, 810 F.2d 93, 97-98 (6th Cir. 1987).  Therefore, Durachinsky did not properly raise this issue in the district court and this Court should review for plain error only.  See United States v. Golson, 95 F.4th 456, 460-61 (6th Cir. 2024) (finding that statements made by represented defendant at sentencing hearing did not properly preserve objection because defendant's "legal arguments were required to be presented by his counsel," resulting in review for plain error on appeal).

Under the "extremely deferential" plain error standard of review, this Court will "reverse only in exceptional circumstances to correct obvious errors that would result in a miscarriage of justice." United States v. Hymes, 19 F.4th 928, 933 (6th Cir. 2021) (citing United States v. Donadeo, 910 F.3d 886, 893 (6th Cir. 2018)).  "Plain errors are limited to those harmful ones so rank that they should

36

have been apparent to the trial judge without objection, or that strike at fundamental fairness, honesty, or public reputation of the trial." United States v. Murphy, 241 F.3d 447, 451 (6th Cir. 2001) (quoting United States v. Evans, 883 F.2d 496, 499 (6th Cir. 1989)).  "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's fundamental rights; and (4) that this adverse impact seriously affected the integrity or public reputation of the judicial proceedings." United States v. Blackwell, 459 F.3d 739, 771 (6th Cir. 2006) (citation omitted).

Alternatively, if this Court determines that Durachinsky properly raised the issue in the district court, this Court reviews questions of statutory interpretation or constitutional challenges *de novo*. United States v. Stewart, 73 F.4th 423, 425 (6th Cir. 2023); Watkins, 509 F.3d at 280.

## B. The district court did not deny Durachinsky his right to call witnesses or present evidence at his competency hearing because he was represented by counsel, and counsel was provided with the opportunity to call witnesses or present evidence.

Durachinsky claims he was prevented by the district court from presenting evidence or calling witnesses at the competency hearing.  He bases his claim primarily on 18 U.S.C. § 4247(d), which provides that in a competency hearing, a defendant "shall be afforded an opportunity to testify, to present evidence, to

subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." He also claims the district court violated his right to due process. Durachinsky's claim is misguided because it assumes that he had the right to call witnesses and present evidence himself, even though he was represented by an attorney. Because he was represented by an attorney, his attorney was responsible for determining whether and what evidence to submit. There is no evidence in the record that Durachinsky's attorney was prevented by the district court from presenting witnesses or evidence on Durachinsky's behalf. Therefore, the district court did not commit error, under either a plain error or *de novo* standard or review.

Durachinsky was represented by counsel and did not have a right to hybrid representation. Mosely, 810 F.2d at 97-98. As a represented defendant, "his legal arguments were required to be presented by his counsel." Golson, 95 F.4th at 460. "Once a defendant has counsel, that counsel speaks for the defendant in all proceedings, absent some unusual circumstance." United States v. Davis, 373 F.Supp.2d 788, 789 (E.D. Tn. 2005). See also United States v. Marin, 597 F.Supp.3d 1162, 1163 (E.D. Mi. 2022) (denying pro se motion by represented defendant because defendant did not have a right to proceed in a hybrid fashion); United States v. Martinez, 588 F.3d 301, 328 (6th Cir. 2009) ("Martinez raises a number of additional pro se claims, but we decline to address them because he is

represented by counsel.").  The requirement that Durachinsky act only through his counsel was all the more necessary since Durachinsky was pending a competency hearing, and the district court was not permitted to allow him to represent himself. See Ross, 703 F.3d at 869.

In this case, Durachinsky's counsel was responsible for deciding whether to call witnesses or present evidence and determined that it was not necessary to call witnesses or present additional evidence beyond the stipulated psychological reports, which was a decision properly made by his attorney, even if Durachinsky himself wanted to call witnesses.  See Samatar v. Clarridge, 225 F.App'x. 366, 372 (6th Cir. 2007) ("The decision whether to call a witness is generally a matter of trial strategy and, absent a showing of prejudice, the failure to call a witness does not deprive a defendant of effective assistance of counsel.").

At the start of the competency hearing on November 29, 2023, after counsel for the government offered to stipulate to the findings of the psychological reports and requested a finding that Durachinsky was incompetent, the district court then provided an opportunity for Durachinsky's counsel to provide his position.  This was an opportunity for Durachinsky's counsel to call witnesses or present other evidence, as required by the statute.  Instead, he agreed with the government's position.  See United States v. Jackson, 815 F.App'x. 398, 404 (11th Cir. 2020) ("Jackson's stipulation—**through counsel**—to the psychologist's determination

that he was competent to proceed demonstrated that he was afforded the

"opportunity" to proffer testimony, evidence, witnesses, and cross-examination

demonstrating his incompetency but opted not to do so.") (emphasis added). Thus,

Durachinsky, through his counsel, was not denied the opportunity to call witnesses

or present evidence.

Durachinsky also cites to a statement the district court made at the

November 29, 2023, hearing in which the district court explained to Durachinsky:

> All right.  In terms of a competency hearing, you're not entitled to any
> particular—to hear from—to call any particular witnesses or to put on
> any particular witnesses.  The format can vary depending on the
> circumstances, so the Court has really pretty broad discretion there.  I
> just wanted to be clear so you didn't think there was a right to call any
> particular witnesses or—and so forth.  I wanted to be clear about that.

(R. 191: Comp. Hrg. Tr. 11/29/2023, PageID 1502).  Durachinsky claims this

shows he was denied the right to present witnesses, but he leaves out the rest of the

exchange that shows proper context and meaning to the district court's remarks.

Immediately after this statement, Durachinsky expressed surprise: "Oh.  It was my

impression that both under due process as well as under the statutes for the Insanity

Defense Reform Act that I did have a right to call witnesses."  (Id., at PageID

1502-03).  The district court then clarified:

> Well, when you say 'a right to call witnesses,' I mean, if the Court
> determined that witnesses were—that there were witnesses that the
> Court felt necessary to make a determination, then you certainly could
> call those witnesses.  But there's no absolute right to get a witness list
> and just to call whatever people you want to call.  I haven't done any

40

> intensive research on it, but the statute doesn't seem to read that way, and based on my experience that would not be the case.

(Id., at PageID 1503).  This further explanation shows that the district court was trying to explain that any witnesses called would have to be relevant to the issues in the hearing.  This is nothing more than an expression of the district court's proper gatekeeping function.  Taken together, the two sets of comments also correctly explain that the circumstances of the specific case dictate what witnesses are relevant and necessary.  For example, in a case, such as this one, where the parties stipulate to the findings of psychological reports, the hearing is not contested and there would not be a need for witnesses, in contrast to a situation where the parties and psychological reports disagree about the defendant's competency.

Durachinsky was represented by counsel at the competency hearing.  As a represented party, Durachinsky's attorney was responsible for deciding whether to call witnesses and was not prevented from doing so.  Durachinsky has not shown that the district court committed any error, let alone plain error in the manner in which it conducted the competency hearing.  Durachinsky's claim should be denied.

## <u>CONCLUSION</u>

Durachinsky's appeal should be dismissed because it is moot and this Court lacks jurisdiction over it.  Alternatively, Durachinsky's arguments should be rejected because he was represented by counsel at the competency hearing, the district court did not abuse its discretion by not appointing substitute counsel, and Durachinsky had the opportunity to call witnesses or present evidence through his counsel.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:    /s/ Matthew W. Shepherd
       Matthew W. Shepherd
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3859
       (216) 522-2378 (facsimile)
       Matthew.Shepherd@usdoj.gov

## <u>CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION</u>

I hereby certify that the foregoing contains 9,066 words according to the

word-counting feature of Microsoft Word for Office 365 and complies with this

Court's 13,000-word limitation for briefs.

/s/ Matthew W. Shepherd
Matthew W. Shepherd
Assistant U.S. Attorney

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the government designates the

following district court filings as relevant to this appeal:

| Northern District of Ohio Case No. 1:21CR623 DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet | N/A | N/A |
| Criminal Complaint | 1 | 1-5 |
| Waiver of Detention Hearing and Order | 4 | 14 |
| Indictment | 38 | 105-115 |
| Motion for Detention Hearing | 96 | 832-39 |
| Detention Order | 103 | 890-91 |
| Superseding Indictment | 150 | 1184-97 |
| Second Superseding Indictment | 160 | 1246-60 |
| Motion for Competency Hearing | 176 | 1392-1442 |
| Government's Motion for Competency Evaluation | 177 | 1443-45 |
| Order | 178 | 1446-47 |
| Order | 179 | 1448-49 |
| Letter | 180 | 1450 |
| Psychiatric Report | 181 | 1451-1464 |
| Motion to Schedule Restoration Hearing | 182 | 1465-68 |
| Government Response to Motion to Schedule Restoration Hearing | 183 | 1469-77 |

| Northern District of Ohio Case No. 1:21CR623 DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Order | 184 | 1478-80 |
| Order | 185 | 1481-82 |
| Letter | 188 | 1486 |
| Comp. Hrg. Tr. 11/29/2023 | 191 | 1489-1513 |
| Comp. Hrg. Tr. 12/7/2023 | 194 | 1548-96 |
| Letter | 199 | 1602 |
| Pretrial Conference Order | 200 | 1603-04 |
| Psychiatric Report and Certificate | 201 | 1605-28 |