No.  23-4019

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff/Appellee,*

v.

PHILLIP DURACHINSKY,
*Defendant/Appellant.*
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
_____

REPLY BRIEF OF APPELLANT DURACHINSKY
_____

JOSEPH MEDICI
Federal Public Defender

Kevin M. Schad
Attorney for Appellant
Appellate Chief
FPD Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Kevin_schad@fd.org

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ii

I. THIS COURT HAS JURISDICTION TO REVIEW DURACHINSKY'S CLAIMS...................................................... 1

    A.    Mootness ......................................................................... 1

    B.    Claims to review ........................................................... 3

II. DURACHINSKY DID NOT HAVE THE ASSISTANCE OF COUNSEL AT HIS COMPETENCY HEARING....................... 6

III. DURACHINSKY SHOULD HAVE BEEN PERMITTED TO CALL WITNESSES AND PRESENT EVIDENCE AT HIS COMPETENCY HEARING................................................................. 9

CONCLUSION .................................................................... 11

CERTIFICATE OF COMPLIANCE .................................................. 12

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*Caswell v. Ryan*, 953 F.2d 853, 858 (3d Cir. 1992). ..................................7

*Chafin v. Chafin*, 568 U.S. 165, 172, 133 S. Ct. 1017, 1023, 185 L. Ed. 2d 1 (2013) ....................................................................................2

*Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240, 144 S. Ct. 771, 777, 218 L. Ed. 2d 162 (2024) ........................................................1

*Fouts v. Warren City Council*, 97 F.4th 459, 465 (6th Cir. 2024)..........................3

*Hull v. Freeman*, 932 F.2d 159, 169 (3d Cir. 1991) ..................................7

*Mann Constr., Inc. v. United States*, 86 F.4th 1159, 1162 (6th Cir. 2023).......................................................................................................2

*Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S. Ct. 1029, 1038, 145 L. Ed. 2d 985 (2000)..................................................................................8

*United States v. Bergrin*, 885 F.3d 416, 420 (6th Cir. 2018) ...................................4

*United States v. Boigegrain*, 155 F.3d 1181 (10th Cir. 1998) ................................6

*United States v. Davis*, 93 F.3d 1286 (6th Cir. 1996).................................4

*United States v. Martin*, 608 F. App'x 340 (6th Cir. 2015) ....................................7

## Statutes

18 U.S.C.A. § 4241 (West) ..................................................................10

## ARGUMENT

## I.    THIS COURT HAS JURISDICTION TO REVIEW DURACHINSKY'S CLAIMS

The Government contends that this Court lacks jurisdiction over this appeal for two reasons: first, that because Appellant Durachinsky has returned from Attorney General custody, the matter is moot; and second, that the claims raised by Appellant Durachinsky fall outside the collateral order doctrine, such that this Court can review them at this point of the proceedings.  Neither claim has merit.

### A. **Mootness**

Despite Durachinsky's return from evaluation, this Court still has jurisdiction to review whether the district court should have committed Durachinsky for an evaluation.

"The Constitution grants federal courts jurisdiction to decide 'Cases' or 'Controversies.' Art. III, §§ 1, 2. A court with jurisdiction has a 'virtually unflagging obligation' to hear and resolve questions properly before it." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240, 144 S. Ct. 771, 777, 218 L. Ed. 2d 162 (2024).  "One imperative in meeting this requirement is that the

plaintiffs have a 'personal stake' in the outcome of a case." *Mann Constr., Inc. v. United States*, 86 F.4th 1159, 1162 (6th Cir. 2023).

By this standard, Durachinsky's claims are not moot. Not only was Durachinsky determined to be incompetent by the district court, and set off for an evaluation without a contested hearing (see issues II and III), but he continues to be detained and subject to further competency proceedings at the district court level. Thus, Durachinsky's claims continue to be able to be vindicated by this Court.

Moreover, "a case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172, 133 S. Ct. 1017, 1023, 185 L. Ed. 2d 1 (2013). Here, there is clear relief that can be granted to Durachinsky. If this Court finds that Durachinsky should have been permitted to replace his counsel, it can grant that relief, and that will affect the proceedings below. Additionally, an order by the Court that the district court should allow Durachinsky to call witnesses on his behalf will affect the proceedings. Thus, his claims are not moot.

A final note on mootness: an exception to the mootness doctrine applies when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable

expectation that the same complaining party would be subjected to the same action again." *Fouts v. Warren City Council*, 97 F.4th 459, 465 (6th Cir. 2024). Here, given the short duration of any placement pursuant to 18 U.S.C. § 4241(d), no litigant could effectively obtain judicial review of the district court's actions in the short time provided. As a result, the district court's errors are not only capable of repetition, but would effectively be unassailable if the matter is mooted after return to local custody from the Attorney General. Thus, this matter is not moot.

B. **Claims to review**

Alternatively, the Government argues that while this Court could review the order committing Appellant Durachinsky to the Attorney General to determine whether he could be restored to competency, it lacks jurisdiction to review the district court's determination that such an order was necessary. (Government Brief Page: 29)

But this argument cuts too fine of a distinction, and misapprehends the role of the Attorney General. Take the district court's order: "The court hereby commits Defendant Phillip R. Durachinsky to the custody of the Attorney General for placement in a suitable facility, pursuant to 18 U.S.C. § 4241(d), for a reasonable period of time, not to exceed four months, as is

necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings in this matter to go forward." (R.185, Order PAGE ID # 1481-82)  The Attorney General was not tasked to restoration within the four-month time frame, but only to determine whether there was a probability that Durachinsky could be restored to competency.

Second, the Government's fine tuning of the matter or controversy would effectively leave this Court with no reviewable matter.  Tracking the Government's argument, the Court could not review the district court's decision of competency, but could only review the court's decision to send Durachinsky off for treatment or further evaluation.  This makes no sense.  It also conflict withs this Court's decision in *United States v. Bergrin*, 885 F.3d 416, 420 (6th Cir. 2018), in which the Court held "an incompetence finding, just like a commitment order, 'immediately affects [a defendant's] rights.'"

Contrary to the Government's assertion, *United States v. Davis*, 93 F.3d 1286 (6th Cir. 1996) does not hold to the contrary.  In *Davis*, the Court addressed the merits of the defendant's claims that the district court erred in committing her for a competency evaluation.  *Id.* at 1290.  The Court found "[e]ven if we assume the district court had reasonable cause to question the

4

defendant's competency when it issued its order of commitment, this new evidence required at a minimum that the district court weigh the competing evidence and determine whether reasonable cause continued to exist." *Id.* Thus, the Court in *Davis* addressed the merits of the competency determination on collateral review, not merely the commitment order itself.

This Court has jurisdiction to address the claims raised in the briefs, and these claims are not mooted by Durachinsky's return to local custody. Therefore, this Court must proceed to the merits.

## II.    DURACHINSKY DID NOT HAVE THE ASSISTANCE OF COUNSEL AT HIS COMPETENCY HEARING

At Durachinsky's competency hearing, his defense counsel advocated for a finding of incompetence, against Durachinsky's wishes.  This denied Durachinsky the right to counsel, and requires a new competency hearing.

The Government spends much of its argument supporting trial counsel's decision to inform the court of the competency issue.  To be clear: the argument on appeal is not one related to trial counsel's ineffectiveness or improper conduct in the traditional sense.  To the contrary, undersigned agrees that defense counsel has a duty to inform the district court of any such competency issue.  The issue is whether a defendant has the right to have an advocate that will promote his position at a competency hearing.

The Government states that such a matter is a strategic one, and thus is counsel's decision and not the defendants.  (Government Brief Page: 35)  The Government relies on the Tenth Circuit's decision in *United States v. Boigegrain*, 155 F.3d 1181 (10th Cir. 1998) for this proposition.  But *Boigegrain* is not on point, as the defendant in *Boigegrain* raised the issue as one of ineffective assistance of counsel, not the constructive denial of counsel. *Id.* at 1187.  And at least one circuit has found that the right to an advocate

that will address the defendant's wishes is an essential right under the Sixth Amendment. "[W]e think it axiomatic that the desire of a defendant whose mental faculties are in doubt to be found competent does not absolve counsel of his or her independent professional responsibility to put the government to its proof at a competency hearing when the case for competency is in serious question." *Hull v. Freeman*, 932 F.2d 159, 169 (3d Cir. 1991), reversed on other grounds *Caswell v. Ryan*, 953 F.2d 853, 858 (3d Cir. 1992).

The Government also cites to this Court's decision in *United States v. Martin*, 608 F. App'x 340 (6th Cir. 2015) as support for the proposition that counsel did not need to advocate his client's position on competency. But in Martin, the defense counsel was standby counsel, not counsel. Martin, at the competency hearing, was permitted to represent himself and advocate his position. *Id.* at 342. Durachinsky was not. And in *Martin*, the matter was remanded for an evidentiary hearing on whether the defendant had been represented at all by counsel. *Id.* at 346. The statements relied upon by the Government to support their position are at best dicta, and are not persuasive for this Court.

In sum, Durachinsky had a competency hearing in which he was effectively unrepresented, as there was no one in the courtroom to advocate for his

position.  Therefore, this Court should find that he was constructively denied counsel, and remand for a new competency proceeding.  The "complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.'" *Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S. Ct. 1029, 1038, 145 L. Ed. 2d 985 (2000) .

### III. DURACHINSKY SHOULD HAVE BEEN PERMITTED TO CALL WITNESSES AND PRESENT EVIDENCE AT HIS COMPETENCY HEARING

In a quintessential Catch-22, the Government argues that Durachinsky's pro-se requests to call witnesses on his behalf at the competency hearing were properly ignored by the district court, as he was represented by counsel.  This being the same counsel that would not advocate for his position that he was competent.

So according to the Government in argument II, Durachinsky was not entitled to counsel who would advocate for his position, as it was a strategic choice, remaining with counsel alone to argue for competency.  At the same time, Durachinsky' requests to the court to advocate for such a position should be ignored, as he had counsel of record.  This cannot be.

The Government also relies on the statement made by the district court that "I mean, if the Court determined that witnesses were—that there were witnesses that the Court felt necessary to make a determination, then you certainly could call those witnesses." (R.191, Hearing PAGE ID # 1503)  But this is not the law.  Pursuant to 18 U.S.C. § 4241(c), if a court hold a hearing on a competency motion, that hearing "shall be conducted pursuant to the

provisions of section 4247(d)." 18 U.S.C.A. § 4241 (West).  18 U.S.C. § 4247(d) in turn provides that "The [defendant] shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C.A. § 4247 (West).  Nothing in the statute leaves it to the district court to determine whether witnesses are permitted, or which ones may be called.

The competency hearing was not conducted in a manner consistent with Due Process.  As a result, the entire referral process to the Attorney General was flawed, and requires this Court to remand for a new proceeding.[1]

---

[1] Durachinsky would note that while this appeal has been pending, the district court has had another competency hearing where both sides called witnesses.  This matter is currently under advisement.

CONCLUSION

For these reasons, as well as those addressed in the initial brief, Durachinsky

asks this Court to vacate the order remanding him for a determination of

rehabilitation, and remand for a de novo competency hearing with new

counsel.

Respectfully submitted,

JOSPEH MEDICI
Federal Public Defender SDOH

/s/ *Kevin M. Schad*
Kevin M. Schad
Attorney for Appellant
Appellate Chief
Office of the Federal Public Defender
Southern District of Ohio
250 E. Fifth St.
Suite 350
Cincinnati OH 45202
(513) 929-4834
Fax (513) 929-4842
Kevin_schad@fd.org

## CERTIFICATE OF COMPLIANCE

Counsel for Appellant hereby certifies that the foregoing brief complies with the type-volume limitation provided in Federal Rule of Appellate Procedure 32(a)(7)(B).  The relevant portions of the above brief contain 2276 words in Century Schoolbook (14-point) type.  The word processing software used to prepare this brief was Microsoft Office 365.

/s/ *Kevin M. Schad*
_____
Kevin Schad
Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, I electronically filed the above with the Clerk of the United States Court of Appeals for the Sixth Circuit using the CM/ECF system, which will send notification of such filing to the following at their email addresses on file with the Court:

Assistant United States Attorney Matthew Shepherd

/s/ *Kevin M. Schad*

Kevin Schad
Attorney for Appellant